UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                              Criminal Case No. 22-20501

v.                              Honorable Linda V. Parker

KEIJUAN WATKINS,

        Defendant.

_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTIONS FOR BOND

Defendant stands charged in a one count Indictment with possession of a stolen firearm in violation of 18 U.S.C. § 922(j).  On September 27, 2022, Magistrate Judge Elizabeth A. Stafford ordered Defendant detained pending trial, finding that he posed a danger to the community and a serious risk of flight.  (ECF No. 12.)  The matter is presently before the Court on Defendant's Motion for Revocation of Detention Order (ECF No. 18) and Motion for Bond (ECF No. 20).  The motions have been fully briefed.  (ECF Nos. 21, 23.)  The Court held a motion hearing on November 10, 2022.

In his first motion, Defendant argues that the Government's proffer at the detention hearing was overstated and that circumstances have changed in that there is now a suitable third-party willing to take custody of and supervise Defendant.  In

his second motion, Defendant argues that his move from the Livingston County

Jail to the Saginaw County Jail impairs his ability to communicate with his

criminal defense attorney.  The Government opposes Defendant's motions, arguing

that his criminal history and past conduct reflect a lack of respect for the law and

inability to abide by court-imposed bond conditions.

## Background

In April 2022, Defendant was arrested for carrying a concealed weapon

(CCW) and then released on bond.  Subsequently, on September 11, a stolen

vehicle was driven into the front of a gun store in Westland, Michigan.  Seven

individuals rushed into the store and stole approximately 50 firearms.  A few days

later, while Defendant remained on bond, a photograph was posted on a social

media account attributable to Defendant, in which Defendant poses with a

distinctive AR-style pistol, matching the description of one of the stolen guns.

(*See* ECF No. 21 at Pg ID 79.)  The caption to the post reads: "Wen we come thru

we leave da Scene nun less than 50."

On September 20, agents from the Bureau of Alcohol, Tobacco, and

Firearms (ATF) executed a search warrant at a residence in connection with the

investigation of the gun store robbery.  Defendant was present at the location when

the search warrant was executed.  The agents recovered several firearms from the

residence, including weapons positively identified as having been stolen from the

Westland store and weapons with obliterated serial numbers.  Among the weapons recovered was an AR-style pistol matching the weapon Defendant held in the social media post.

On October 3, ATF agents observed a music video posted to an Instagram account, which tagged Defendant's known Instagram account.  (*See Id.* at Pg ID 81.)  Defendant was in custody for the indicted offense at the time this video posted.  In the video, Defendant and other individuals hold numerous firearms, including weapons the ATF agents subsequently recovered and identified as having been stolen from the Westland robbery.

On June 12, 2021, less than a year before Defendant's CCW arrest, Detroit police officers were dispatched to a location in response to a call about a kidnapping.  (*See* ECF No. 26-3 at Pg ID 163.)  The caller was the brother of Jahla Kelly, who told the officers when they arrived that Defendant had taken Ms. Kelly from the residence at gunpoint and against her will the day before.  (*Id.*)  Ms. Kelly's sister and a friend attempted to call Ms. Kelly's cell phone but she did not answer.  (*Id.*)  One of the officers also attempted to call her without success.  (*Id.*)  Eventually Ms. Kelly answered one of her friend's calls, at which time Ms. Kelly stated she had been taken against her will and was at an apartment in Belleville.  (*Id.*)  Officers then located Defendant's grandmother, who called Defendant in

their presence.  Defendant stated that he and Ms. Kelly were fine, which Ms. Kelly confirmed.  (*Id*.)

At the motion hearing in the present case, Defendant called Ms. Kelly as a witness.  She testified that she was with Defendant on June 21, 2021, as well as the day before and after, but had not been kidnapped.  Ms. Kelly further testified that she had not been held against her will.  She also denied telling anyone that she was being held against her will.

### Applicable Law and Analysis

Under the Bail Reform Act, 18 U.S.C. § 3142, a defendant may be detained pending trial if a judicial officer "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]"  A judge's finding of dangerousness must be "supported by clear and convincing evidence."  18 U.S.C. § 3142(f)(2)(B).  Risk of flight requires proof by a preponderance of the evidence. *United States v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004) (citing *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003)); *see also* 18 U.S.C. § 3142(b). However, "[t]he rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the hearing."  18 U.S.C. § 3142(f)(2)(B).

"The default position of the law … is that a defendant should be released pending trial." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). Nevertheless, a defendant may be detained if the government shows that detention is necessary to assure his or her appearance or the safety of the community. *Hinton*, 113 F. App'x at 77 (citing *Cisneros*, 328 F.3d at 616). The court must consider certain factors set forth in § 3142 when deciding whether the government has satisfied its burden. 18 U.S.C. § 3142(g). Those factors are: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g).

There is clear and convincing evidence that Defendant's detention is necessary to protect the safety of the community. Defendant's behavior, as presented by the Government, raises significant concerns that he poses a danger to the community if released.

While on bond for a weapons related offense, Defendant posed with stolen weapons, including an AR-style pistol. Even if there is a question as to the merits of the charge for which Defendant was on bond,[1] there is no dispute that he was on

---

[1] Defendant maintains that he lawfully possessed the weapon he was carrying and that it was not concealed at the time of his arrest.

bond when he allegedly possessed a stolen firearm.  As the Government points out, Defendant flaunted the weapon on social media, suggesting a lack of respect for the bond conditions imposed upon him.  The weight of the evidence against Defendant is quite strong as a result of this and other social media posts.  While Defendant argues that the alleged "flaunting" occurred during the making of a music video, Defendant does not argue that the Instagram post with him holding the AR-style pistol was taken in connection with the video.

As noted above, Defendant also was present in a home during the execution of a search warrant where a number of the weapons stolen from the Westland gun store were found, and other weapons with obliterated serial numbers were seized. The Government does not assert that these weapons were in Defendant's possession.  Nevertheless, his presence in the home and association with individuals who did possess the weapons is concerning.  The timing between when the weapons were stolen and recovered strongly suggests that one or more of these individuals engaged in the robbery.

These circumstances lead the Court to conclude that there are no conditions that will ensure that Defendant does not obtain another firearm while on bond for the current offense.  The allegations concerning Ms. Kelly further suggest that Defendant is a danger to the community.

The Court did not find Ms. Kelly's denial of being taken against her will credible.  Ms. Kelly's prior dating relationship with Defendant provided a motive to be untruthful.  Witnesses informed police that she had been taken at gunpoint by Defendant from her residence, and Ms. Kelly purportedly reported this to her friend by phone, changing the store only when questioned by the police.

These circumstances lead the Court to conclude that Defendant must be detained in these proceedings to protect the community from harm.  The risk of harm to the community outweighs the alleged inconveniences placed on defense counsel by Defendant's continued detention—which are created more specifically by where Defendant currently is detained than the fact of detention.

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Revocation of Detention Order (ECF No. 18) and Motion for Bond (ECF No. 20) are **DENIED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: December 20, 2022